```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF KENTUCKY
                 CENTRAL DIVISION at LEXINGTON

SCOTTSDALE INSURANCE COMPANY,  )
                               )
     Plaintiff,                )
                               )
v.                             )   Civil Action No. 5:08-150-JMH
                               )
NAT H. SANDLER, M.D.,          )
                               )
and                            )         MEMORANDUM OPINION
                               )             AND ORDER
BARBARA BOWDEN, Executrix      )
for the Estate of Charles      )
Markham Bowden,                )
                               )
     Defendants.               )

                 **    **    **    **    **
```

Plaintiff Scottsdale Insurance filed this declaratory judgment action in order to determine its obligations to Defendants under the terms and conditions of a policy of professional liability insurance. Plaintiff moved this Court for a declaratory judgment [Record No. 34] and Defendant Barbara Bowden, Executrix, moved for summary judgment [Record No. 31]. The motions are fully briefed, except that Defendant Nat H. Sandler, M.D., has not responded or replied to either motion. Nevertheless, the time for filing briefs has lapsed and the motions are ripe for review. The Court will grant Plaintiff's motion for declaratory judgment, and deny Defendant Barbara Bowden's motion for summary judgment, because the insurance policy unambiguously excludes Defendant Sandler from coverage.

**I.   BACKGROUND**

The parties ask whether Defendant Nat Sandler ("Sandler") is covered by his employer's policy of professional liability insurance in an underlying medical negligence suit against him. Bluegrass Regional Mental Health ("BRMH") is a comprehensive mental healthcare services facility, located in Lexington, Kentucky. BRMH provides care for patients lacking the resources to pay for mental health treatment. Prospective patients must undergo a comprehensive intake and screening process to assess their particular treatment needs and evaluate their financial situation before becoming BRMH patients. BRMH purchased an insurance policy from Plaintiff Scottsdale Insurance Company ("Scottsdale"), which included professional liability coverage.

The Professional Liability Coverage Part provides coverage to "insureds," defined in the policy to include:

> A. Your employees and volunteers, but only for acts within the scope of their employment by you.
>
> B. Physicians, whether salaried or contracted by you, are insureds under this Coverage Part with respect to any **CLAIMS** arising from the rendering or failure to render professional services to your patients.

[Record No. 31, Ex. E, at 2.] (emphasis original) The policy states that the words "you" and "your" refer to the "Named Insured shown in the Declarations," i.e., BRMH. [*Id.* at 1; Record No. 34, Ex. 6, at 3.] "Claim" is defined as "the receipt of a demand for money or services naming any insured and alleging a **WRONGFUL ACT**." [Record No. 31, Ex. E, at 3.] (emphasis original) "Wrongful act"

means "any act, error or omission in the furnishing of professional health care services. It includes the furnishing of . . . medications . . . in connection with those services." [*Id.* at 3.] Additionally, the policy states that Scottsdale has the right to defend any suit seeking damages against an insured and that Scottsdale has a duty to indemnify an insured that becomes legally obligated to pay damages as a result of a wrongful act. [*Id.* at 1.]

Sandler is a psychiatrist employed by BRMH. Sandler treated Charles M. Bowden ("Bowden") for depression in the mid-1990s at Sandler's private practice. [Sandler Dep. at 158-60.] Years later, on November 21, 2005, Bowden telephoned Sandler at his BRMH office, complaining of depression. [*Id*. at 164-65.] Sandler informed Bowden that he only treated BRMH patients, but, based on this conversation and his prior treatment of Bowden, Sandler called in a Prozac prescription for Bowden. [*Id*. at 169, 190.] On or around December 2, 2005, Bowden phoned Sandler again. At that time, Sandler ordered Bowden to double his dose of Prozac. [*Id*. at 185-86.] On December 3, 2005, Bowden shot himself in the chest and died.

In a case filed in Fayette Circuit Court,[1] Defendant Barbara Bowden, in her capacity as Executrix of the Estate of Charles

---

[1]The underlying negligence case is styled *Bowden v. Sandler*, Case No. 06-CI-5097.

-3-

Markham Bowden, seeks damages for Sandler's allegedly negligent psychiatric treatment of Bowden. Sandler filed a claim for coverage with Scottsdale, which was denied on the basis that Bowden was not a patient of BRMH. [Record No. 31, Ex. D.] On June 20, 2008, the Fayette Circuit Court granted summary judgment in Sandler's favor. That decision is currently on appeal before the Kentucky Court of Appeals. Thus, Scottsdale's obligations to Sandler and Bowden's Estate, by extension, remain controverted.

Scottsdale is not a party to the state court action, but asks this Court to determine its obligations, if any, to Sandler or to Bowden's Estate, under the terms and conditions of the BRMH policy. Scottsdale claims it is entitled to a declaratory judgment because Sandler was not an insured under the policy. In its motion for summary judgment, Bowden's Estate contends that Sandler was insured under the policy because he acted within the scope of his employment when he treated Bowden and Bowden was a BRMH patient.

## II. STANDARD OF REVIEW

The Court construes Scottsdale's motion for declaratory judgment as a motion for summary judgment. Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323

(1986); *Browning v. Levy*, 283 F.3d 761, 769 (6th Cir. 2002).

**III. ANALYSIS**

The parties' relative rights and obligations under the Scottsdale insurance party depend on the interpretation of that policy's provisions. Central to this inquiry is whether Sandler meets the policy's definition of "insured."

Scottsdale is entitled to judgment as a matter of law because Sandler was not an insured within the meaning of the policy. The interpretation of an insurance policy is a question of law. *Reynolds v. Travelers Indem. Co. of Am.*, 233 S.W.3d 197, 200 (Ky. Ct. App. 2007). In order to qualify as an insured, Sandler must be (1) so designated in the policy Declarations, (2) an employee or volunteer acting within the scope of his employment with BRMH, or (3) a physician rendering professional services to BRMH patients. Sandler is not listed as an insured in the Declarations, leaving two alternatives for qualifying as an insured under this policy. Although the policy arguably distinguishes between physicians and employees, under either category, Sandler was not an insured.

Sandler was not acting within the scope of his employment when he allegedly treated Bowden. Bowden's Estate argues that Sandler was acting within the scope of his employment because he was at work when he received Bowden's phone calls, he prescribed medication from his office for Bowden, and he was employed by BRMH. The phrase "within the scope of their employment" found in the

-5-

policy has acquired a technical legal meaning. *See Goodman*, 100 S.W.3d at 772. The Kentucky Supreme Court defines the phrase to mean "performing work assigned by the employer or engaging in a course of conduct subject to the employer's control. An employee's act is not within the scope of employment when it occurs within an independent course of conduct not intended by the employee to serve any purpose of the employer." *Papa John's Int'l, Inc. v. McCoy*, 244 S.W.3d 44, 51 (Ky. 2008) (quoting Restatement (Third) of Agency § 7.07 (2006)). The connections cited by Bowden's Estate do not bring Sandler's actions within the scope of his employment with BRMH. BRMH did not assign Bowden's treatment to Sandler and there is no evidence that BRMH knew about the treatment, much less exercised control over that treatment. Bowden sought treatment from Sandler based on their prior relationship; he was not seeking treatment from BRMH. Sandler admitted that Bowden was not a BRMH patient and that treating BRMH patients was his job. Thus, any treatment of Bowden was not intended to serve BRMH.

Sandler was not treating a BRMH patient when the alleged medical negligence occurred. Clear and unambiguous terms in a contract must be given their ordinary meaning "'in the light of the prevailing rule that uncertainties and ambiguities must be resolved in favor of the insured.'" *Goodman v. Horace Mann Ins. Co.*, 100 S.W.3d 769, 772 (Ky. Ct. App. 2003) (quoting *Fryman v. Pilot Life Ins. Co.*, 704 S.W.2d 205, 206 (Ky. 1986)). The policy

unambiguously states that physicians are covered when they render professional services to "your patients" and the term "your" refers to BRMH. The term "patient" is not defined in the policy. Nevertheless, Bowden was not a BRMH patient, although he may have been Sandler's patient. Bowden's Estate repeatedly argues that Sandler's receipt of Bowden's phone calls on the BRMH premises is sufficient to make Bowden a BRMH patient. The facts do not support this argument. Scottsdale and BRMH, the parties to the insurance contract, agree that Bowden was not a BRMH patient. BRMH had no records of treatment for Bowden and he did not undergo the extensive BRMH screening process. Furthermore, Sandler admitted that Bowden, his former patient, was not a BRMH patient and informed Bowden that Sandler could not see Bowden "because he wasn't a patient at [BRMH] and [Sandler's] practice" was limited to BRMH. [Sandler Dep. at 169.] Taken to its logical conclusion, the Estate's view offers an end-run around a comprehensive patient screening process at a facility whose goal is to provide mental healthcare to a discrete population. Moreover, such a view would introduce risks not shown to have been contemplated by either party when entering into the insurance contract.

### IV. CONCLUSION

Plaintiff Scottsdale is entitled to summary judgment as a matter of law because, under the insurance policy, Sandler was not an insured. Bowden was not a BRMH patient and Sandler acted

outside the scope of his employment when he treated Bowden. Plaintiff Scottsdale is not obligated to indemnify or defend Defendant Sandler because he was not an insured when he treated Bowden. Accordingly, **IT IS ORDERED**:

(1) that Plaintiff's Motion for Summary Judgment [Record No. 34] be, and the same hereby is, **GRANTED**, and

(2) that Defendant Barbara Bowden's Motion for Summary Judgment [Record No. 31] be, and the same hereby is, **DENIED**.

This the 11th day of May, 2009.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge